**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOE FRAGA, an individual, ) | 1:08-cv-0977 OWW SMS |
| ) | |
| Plaintiff, ) | SCHEDULING CONFERENCE ORDER |
| ) | |
| v. ) | Discovery Cut-Off: 8/14/09 |
| ) | |
| COUNTY OF CALAVERAS, a public ) | Non-Dispositive Motion |
| entity; KARL MAXWELL, an ) | Filing Deadline: 8/31/09 |
| individual; and DOES 1-100, ) | |
| inclusive, ) | Dispositive Motion Filing |
| ) | Deadline: 9/15/09 |
| Defendants. ) | |
| ) | Settlement Conference Date: |
| ) | 8/26/09 10:00 Ctrm. 7 |
| | |
| | Pre-Trial Conference Date: |
| | 2/1/10 11:00 Ctrm. 3 |
| | |
| | Trial Date: 3/16/10 9:00 |
| | Ctrm. 3 (JT-7 days) |

I.  Date of Scheduling Conference.

   October 23, 2008.

II. Appearances Of Counsel.

   Mayall, Hurley, Knutsen, Smith & Green by David D. Cheng, Esq., appeared on behalf of Plaintiff.

   McCormick, Barstow, Sheppard, Wayte & Carruth by Michael G. Woods, Esq., appeared on behalf of Defendants.

///

1

III.  Summary of Pleadings.

　　1.   Plaintiff Joe Fraga has asserted causes of action for discrimination and harassment on the basis of race and disability; failure to prevent said discrimination and harassment; intentional infliction of emotional distress, deprivation of rights, wrongful termination, and failure to pay overtime wages.  The discrimination and harassment claims are brought pursuant to 42 U.S.C. § 1981, 42 U.S.C. §§ 2000(e), et seq., (hereinafter "Title VII"), and California Government Code §§ 12900, et seq. (hereinafter the "Fair Employment and Housing Act" or "FEHA").  The remainder of the claims arise under California law.

　　2.   All of Plaintiff's causes of action are predicated on severe and pervasive discrimination and harassment he experienced while working at the County's landfill.  Among other things, Fraga was constantly (a) called derogatory terms referring to his Mexican heritage, including without limitation, dumb Mexican; (b) ordered not to mingle or interact with other employees on the pushing floor; (c) ordered not to enter certain areas where other employees tended to work or congregate; (d) ordered to address other workers as "Sir;" (e) deprived of breaks, including a lunch break, while being forced to clock out for them; (f) not allowed to put his overtime on his time card; (g) forced to endure offensive remarks, jokes, and slurs due to his race, including, without limitation, that he was a low life from East L.A., he was a character from a Cheech & Chong movie, he sold drugs and was high every day, he could not talk right (referring to his Mexican accent), and he was inferior; and (h) endured comments about his

2

speech impediment, including, without limitation, being asked what he had said even though he was understood and told that he must have had marbles in his mouth.  As a result, Fraga became extremely uncomfortable at work, found it increasingly difficult to perform his job responsibilities, and eventually was disabled due to extreme anxiety or panic and severe depression.

3.  Defendants deny all material allegations of Plaintiff's Complaint and incorporates its Answer to Plaintiff's Complaint. Plaintiff was not terminated for an improper purpose.  Defendants contend that Plaintiff was never harassed, discriminated or retaliated against because of his race or because of any perceived disability.  Plaintiff was a probationary employee, who had performance failures and otherwise, at times, neglected to follow the lawful directions issued by his superiors.  In any event, good cause was not required for Plaintiff's termination.

4.  Further, Plaintiff's allegations regarding the alleged harassment, discrimination and retaliation lack evidentiary support.  Indeed, Defendant Maxwell, who Plaintiff alleges was primarily responsible for the alleged instances of harassment, discrimination and retaliation, was part of the panel that interviewed and recommended Plaintiff for employment with Rock Creek Solid Waste Facility.  Plaintiff's allegation that he was treated differently because of his race is without merit as one of the persons hired to take over Plaintiff's position was of the same race as Plaintiff.

5.  Plaintiff was not denied time to take lunch or rest breaks.  Rather, Plaintiff was encouraged and directed to take lunch and rest breaks.  Further, Plaintiff spent most of his time

3

1  on the road and was in complete control of his schedule.
2  Finally, Defendants deny that Plaintiff is owed any sums for
3  withheld overtime pay.
4       6.    Defendants have asserted various affirmative defenses,
5  including:
6            a.   Failure to state a claim upon which relief can be
7  granted.
8            b.   Defendant's acts with respect to Plaintiff's
9  employment were done in good faith and motivated by legitimate,
10 non-retaliatory, non-discriminatory reasons, and/or as a result
11 of business necessity.
12           c.   Failure to mitigate damages.
13           d.   Plaintiff's willful misconduct and/or negligent
14 conduct.
15           e.   The exclusive remedy for Plaintiff's alleged
16 injury is under the Workers' Compensation laws of California.
17           f.   Plaintiff has failed to exhaust his administrative
18 remedies as required by applicable personnel rules, state law
19 and/or federal law.
20           g.   Plaintiff fails to state a cause of action to the
21 extent it is based on allegations not set forth in Plaintiff's
22 DFEH Complaint or EEOC Complaint.
23           h.   Plaintiff was a "probationary" employee, subject
24 to termination, with or without cause, and with or without
25 notice.
26           i.   No actions of Defendants, affecting the terms
27 and/or conditions of Plaintiff's employment, were on account of
28 any protected status under state or federal law.

**4**

      j.    Defendants acted in good faith and with a reasonable belief as to the legalities of the things and matters attributed to these answering Defendants.

      k.    Plaintiff's punitive damages claim is a violation of the due process and equal protection clause of the United States and California Constitutions.

      l.    Plaintiff has not been deprived of any Constitutional rights and Plaintiff did not have a constitutionally protected property right in his position as an employee of Defendant County of Calaveras.

      m.    Any actions taken by Defendants affecting the terms and/or conditions of Plaintiff's employment were not motivated by Plaintiff's race or alleged disability.

      n.    Defendants exercised reasonable care to prevent and correct promptly any unlawful harassment, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities.

      o.    Defendants assert that Plaintiff was not disabled and/or a qualified worker as defined under the ADA and/or the Fair Employment & Housing Act.

      p.    Defendants were unaware of any disability Plaintiff may have.

      q.    Plaintiff never requested any accommodation.

      r.    Plaintiff's alleged "medical condition" did not fall within the protection of the ADA and/or the Fair Employment and Housing Act.

      s.    Qualified immunity.

      t.    Statutory immunity.

   u. Plaintiff failed to comply with the claim presentation requirements of Government Code §§ 900, et seq.

   v. Plaintiff was paid all wages due him at the time of his termination; and any failure to pay Plaintiff all wages due was based on Defendants' mistake and good faith belief to the contrary.

IV. Orders Re Amendments To Pleadings.

 1. The parties do not presently contemplate amending the pleadings.

V. Factual Summary.

 A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

  1. Plaintiff was al all times alleged, an employee of the County of Calaveras and a citizen of the United States.

  2. Plaintiff was a resident of the County of Calaveras, State of California, at all times alleged.

  3. Plaintiff is a male of Hispanic ethnicity.

  4. The County of Calaveras is a public entity in the State of California.

  5. Carl Maxwell is and was at all times alleged an employee of the County of Calaveras.

 B. Contested Facts.

  1. Whether Plaintiff experienced severe and pervasive discrimination and harassment on the basis of race and national origin.

  2. Whether Plaintiff was deprived of breaks, including a lunch break, while being forced to clock out for them.

6

    3. Whether Plaintiff was the subject of offensive jokes and slurs due to his race.

    4. Whether Plaintiff was disabled and/or a qualified worker as defined under the ADA and/or the Fair Employment & Housing Act.

    5. Whether Plaintiff experienced severe and pervasive discrimination and harassment on the basis of a disability, actual or perceived.

    6. Whether Defendants were aware of Plaintiff's alleged disability.

    7. Whether Plaintiff was subjected to unlawful retaliation.

    8. Whether Plaintiff found it difficult to perform his job responsibilities because of alleged discrimination, harassment and retaliation.

    9. Whether any of the conduct Plaintiff complains of was unwelcome.

    10. Whether Plaintiff took advantage of the opportunities offered by Defendant for reporting and correcting allegedly offensive or discriminatory conduct.

    11. Whether County violated its own policies and procedures against discrimination and harassment.

    12. Whether Plaintiff suffered severe emotional distress as a result of Defendants' alleged discrimination, harassment and retaliation.

    13. Whether Defendant County failed to pay Plaintiff all overtime pay to which he was entitled at the time of his termination.

   14. Whether Plaintiff suffered any damages and, if so, the nature and extent of damages allegedly suffered and whether he has mitigated those damages.

   15. Whether any of the Defendants' conduct was oppressive, fraudulent or malicious.

   16. Whether Plaintiff committed willful misconduct and/or negligent conduct concerning the matters alleged in the Complaint.

   17. Whether Defendants are statutorily immunized from liability under state and federal law.

   18. Whether Defendants had a good faith and reasonable belief as to the legality of the things and matters referred to in Plaintiff's Complaint.

   19. Whether Defendants are entitled to qualified immunity for their actions as set forth in the Complaint.

VI. Legal Issues.

 A. Uncontested.

   1. Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983, et seq. Supplemental jurisdiction is also invoked under 28 U.S.C. § 1367.

   2. Venue is proper under 28 U.S.C. § 1391.

   3. The parties agree that as to supplemental claims, the substantive law of the State of California provides the rule of decision.

 B. Contested.

   1. All remaining legal issues are contested.

VII. Consent to Magistrate Judge Jurisdiction.

   1. The parties have not consented to transfer the

case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.    The parties do not anticipate the need for a protective order relating to the discovery of confidential research, development or trade secret information.

    2.    The parties are unaware of any issues relating to the timing, sequencing, phasing or scheduling of discovery at this time.

    3.    The parties do not anticipate taking discovery outside the United States.

    4.    At this time, the parties reserve the right to videotape depositions.

    5.    Should it be determined that a mid-discovery status report and conference is necessary, the parties propose the conference to be scheduled for July 23, 2009.

    6.    The parties do not currently anticipate discovery relating to electronic, digital and/or magnetic data.

    7.    The parties are ordered to complete all non-expert discovery on or before May 1, 2009.

    8.    The parties are directed to disclose all expert

witnesses, in writing, on or before June 12, 2009.  Any rebuttal or supplemental expert disclosures will be made on or before July 13, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    9.   The parties are ordered to complete all discovery, including experts, on or before August 14, 2009.

    10.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before August 31, 2009, and heard on October 2, 2009, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

1       3.   All Dispositive Pre-Trial Motions are to be
2   filed no later than September 15, 2009, and will be heard on
3   October 19, 2009, at 10:00 a.m. before the Honorable Oliver W.
4   Wanger, United States District Judge, in Courtroom 3, 7th Floor.
5   In scheduling such motions, counsel shall comply with Local Rule
6   230.
7   XI.  Pre-Trial Conference Date.
8       1.   February 1, 2010, at 11:00 a.m. in Courtroom 3, 7th
9   Floor, before the Honorable Oliver W. Wanger, United States
10  District Judge.
11      2.   The parties are ordered to file a Joint Pre-
12  Trial Statement pursuant to Local Rule 281(a)(2).
13      3.   Counsel's attention is directed to Rules 281
14  and 282 of the Local Rules of Practice for the Eastern District
15  of California, as to the obligations of counsel in preparing for
16  the pre-trial conference.  The Court will insist upon strict
17  compliance with those rules.
18  XII. Motions - Hard Copy.
19      1.   The parties shall submit one (1) courtesy paper copy to
20  the Court of any motions filed that exceed ten pages and any
21  motions that have exhibits attached.  Exhibits shall be marked
22  with <u>protruding numbered or lettered tabs</u> so that the Court can
23  easily identify such exhibits.
24  XIII.  Trial Date.
25      1.   March 16, 2010, at the hour of 9:00 a.m. in Courtroom
26  3, 7th Floor, before the Honorable Oliver W. Wanger, United
27  States District Judge.
28      2.   This is a jury trial.

     3.    Counsels' Estimate Of Trial Time:

         a.    7 days.

     4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

## XIV. Settlement Conference.

1. A Settlement Conference is scheduled for August 26, 2009, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor

12

served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.    The Confidential Settlement Conference Statement shall include the following:

        a.    A brief statement of the facts of the case.

        b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.   Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.    The issue of the amount of punitive damages, if any, shall be tried in the same trial in a separate phase before the same jury.  The trial shall be continuous.

*///*

**XVI. Related Matters Pending.**

    1.    There are no related matters.

**XVII.    Compliance With Federal Procedure.**

    1.    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVIII.    Effect Of This Order.**

    1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

*///*
*///*
*///*
*///*

   3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **October 23, 2008**              **/s/ Oliver W. Wanger**
                                           UNITED STATES DISTRICT JUDGE